STANLEY P. WASSELL ET AL. *v.*
WOLCOTT C. HAMBLIN, JR.
(12443)

HEALEY, SHEA, DANNEHY, SANTANIELLO and O'NEILL, Js.

Argued March 15—decision released June 18, 1985

*Snow Gene Munford,* for the appellants (plaintiffs).

*Ralph G. Eddy,* with whom, on the brief, was *Michael E. Riley,* for the appellee (defendant).

ARTHUR H. HEALEY, J. In this tort action, which arose out of a two-car collision on December 24, 1980, the complaint sought damages for personal injuries sustained by the plaintiffs, Gail Wassell and Pia Nordlander, against the defendant Wolcott C. Hamblin, Jr. The Hamblin car crossed over to the wrong side of the highway and struck the Wassell car which was operated at the time by Stanley Wassell. Gail, Stanley's wife, was a passenger in the front seat and Pia was a passenger seated in the rear at the left. At the time of the accident, neither plaintiff was using the seat belts with which the car in which they were riding was equipped.

Just prior to jury selection, the defendant admitted liability and was permitted, over objection, to amend his answer. The amended answer contained two special defenses, one directed to Gail and the other to Pia. They each alleged: "The Plaintiff['s] . . . failure to wear seat belts contributed to the damages being claimed by her." During the trial, the defendant did

not call any witnesses or adduce any evidence, but relied solely on his cross-examination of the plaintiffs' witnesses. At the close of the evidence, the plaintiffs moved to "dismiss" the special defenses on the ground that there was insufficient evidence that the nonuse of seat belts contributed to any of the injuries and damages claimed by either plaintiff. The trial court denied the motion. The trial court charged the jury on the special defenses and the plaintiffs duly excepted.[1] The jury returned a verdict for each of the plaintiffs. The trial court denied the plaintiffs' motion to set aside the verdicts, again rejecting their claim that the evidence was insufficient to justify the jury instruction on the special defenses of nonuse of seat belts, and further found that, in any event, "[a]ny error claimed" was cured by the general verdict in the case. This appeal followed.

---

[1] The trial court's instructions on the special defenses were as follows:

"Now, when a defendant asserts a Special Defense, he has the burden of proving his allegations by a fair preponderance of the evidence, and you will recall my definition of a fair preponderance of the evidence; additionally the defendant must prove that the plaintiffs' failure to wear seat belts was the proximate cause which contributed to the damages being claimed by them.

"The question you should consider is whether the conduct of the plaintiffs in not wearing seat belts was a substantial factor in contributing to their injuries. If so, then the plaintiffs' conduct may be found to be a proximate cause in contributing to their injuries. If the conduct of the plaintiffs, in not wearing seat belts, was not a substantial factor in contributing to their injuries, then it was not a proximate cause and you may accordingly disregard the defendant's Special Defense. The burden of proving these two Special Defenses rests upon the defendant. The plaintiffs do not have to disprove them. . . .

"Now, in evaluating the damages to be awarded to the plaintiffs, you may consider the allegations of the defendant's special defense, namely that their failure to wear seat belts contributed to the damages being claimed by them.

"Applying the rules of proof and proximate cause previously charged, if you find that the plaintiffs' failure to wear seat belts did in fact contribute to their damages, then you may offset from any sum to be awarded, a sum attributable to their failure to fasten their seat belts. In arriving at this sum however, you may not speculate or guess. You must find in the evidence some reasonable basis upon which to arrive at a set-off or dis-

On appeal, the plaintiffs claim that the trial court erred in: (1) allowing the defendant to amend his answer on the day of trial to allege the special defenses of nonuse of seat belts; (2) denying their motion to dismiss the special defenses at the close of the evidence; (3) instructing the jury on this special defense when there was no evidence introduced on this issue and no proof of any causation between the nonuse of the seat belts and the damages claimed; and (4) refusing to set aside the verdicts on the ground that the existence of a general verdict in this case cured any error claimed by the plaintiffs. We find error.

Initially, the plaintiffs claim in this court that the trial court erred in allowing the defendant to amend his answer to include the special defenses, claiming that the amendments were untimely and clearly prejudicial. "The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." *Tedesco* v. *Julius C. Pagano, Inc.,* 182 Conn. 339, 341, 438 A.2d 95 (1980); *Wallingford* v. *Glen Valley Associates, Inc.,* 190 Conn. 158, 161, 459 A.2d 525 (1983). "In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion." *Tedesco* v. *Julius C. Pagano, Inc.,* supra. "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in

count for failure to wear a seat belt. Whether the plaintiffs' damages would have been lessened had they been wearing seat belts at the time of the accident, is for you to determine. If on the other hand, you find that the defendant has not proved his special defenses or that the plaintiffs' damages would have been lessened, then you may disregard the special defense."

The plaintiffs' exception to the instructions was as follows:

"Mr. Munford: I just have the same exception, Your Honor. Well, not the same I just except to the—

"The Court: Sure.

"Mr. Munford: Charge of The Court on the seat belts because there was no evidence to show that the seat belts played any part in the injuries pro or con."

light of the facts of the particular case. 'The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial.' " (Citations omitted.) *Wallingford* v. *Glen Valley Associates, Inc.*, supra, 161–62, quoting *Tedesco* v. *Julius C. Pagano, Inc.*, supra, 341–42. At the time the amendments were granted, although the plaintiffs did argue untimeliness, they did not request any continuance nor did they make any claim of prejudice. Under the circumstances, we cannot find an abuse of discretion in granting the amendments.

Turning to the seat belt issue, we point out that the plaintiffs have not challenged the legal sufficiency of the special defenses pleaded in this case, and the parties all agree that these pleadings were interposed solely as a ground for "mitigating" the damages claimed by the plaintiffs. The special defenses alleged that each plaintiff's "failure to wear seat belts *contributed* to the damages being claimed by [each of them]."[2] (Emphasis added.) We review this issue on the theory upon which it was presented and decided in the trial court. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151, 487 A.2d 514 (1985), and cases there cited; see Maltbie, Conn. App. Proc. § 42. In their brief, the plaintiffs contend "that notwithstanding the propriety of allowing the nonuse of seat belts to be considered by the jury on the issue of mitigation of damages, the submission in the instant case was error because there was no evidence presented on this issue."[3] In claiming that the

---

[2] In his appellate brief, the defendant states: "Although the seat belt defense has been submitted in some cases as a defense to liability, in this case it is proposed solely as a ground for mitigation of damages. It is the Defendant's claim that the Plaintiffs' injuries would have been lessened had they been wearing the seat belts with which their automobile was equipped."

[3] Counsel have urged upon us that, in deciding this case, we establish some law on the so-called "seat belt defense." Our disposition of this case, in the posture in which it is presented to us after the theory upon which

defendant did not sustain his burden on this issue, they maintain that "submission of the special defense . . . was clearly erroneous because of the total lack of evidence linking nonuse of a seat belt to the plaintiffs' injuries." On the other hand, the defendant argues that not only was there sufficient evidence on the issue to justify submitting it to the jury but, in any event, the application of the general verdict rule "precludes con-

it was tried below, does not require that we reach that issue. It is, of course, elementary in our jurisprudence that we do not consider academic questions; *Zoning Commission* v. *Tarasevich,* 165 Conn. 86, 92, 328 A.2d 682 (1973); nor do we give advisory opinions. There can be no question that "[l]aw suits are not determined by a consideration of philosophy in the abstract, but by the application of legal principles to the facts of a particular case"; *Lomas & Nettleton Co.* v. *Waterbury,* 122 Conn. 228, 234, 188 A. 433 (1936); and that "[t]his court does not sit to advise on abstract principles. *Kellems* v. *Brown,* 163 Conn. 478, 496, 313 A.2d 53 [1972], appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 [1973]." *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 308–309, 374 A.2d 245 (1977). We do recognize, however, that we have occasionally, in a proper case, gone "beyond the rather narrow assignment of error" to consider certain matters on their broader aspects where the interests of public welfare and justice so required. *Harvey Textile Co.* v. *Hill,* 135 Conn. 686, 691, 67 A.2d 851 (1949); *Leary* v. *Citizens & Manufacturers National Bank,* 128 Conn. 475, 478–79, 23 A.2d 863 (1942); *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 A. 761 (1938). We are keenly aware that a fundamental component of the mission of a state court of last resort is to step up in a proper case and establish precedent and guidelines for future conduct of litigation that comes into our trial courts. This appeal is not such a case. We are not saving the question for another day because the question counsel want answered simply is not here. The exercise of judicial power here is ill-suited to a hypothetical issue resting on abstract assumptions that could not result in any practical relief to the parties in this case who have framed and briefed the issues we have today decided.

Parenthetically, we note that the "seat belt defense" question has already drawn legislative attention and action in the past. See General Statutes § 14-100a (c). It is not illusory to expect that it presents a fertile area for further legislative attention and action. While courts should act in appropriate circumstances, this, as we have said, is not such a case. As we have previously stated, "[t]he legislature is . . . free to conclude that the risks associated with unsafe driving on modern highways justify different legislative action than was appropriate in the horse-and-buggy circumstances of *Camp* v. *Rogers,* 44 Conn. 291 (1877) . . . ." *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 289 n.8, 472 A.2d 306 (1984).

sideration of the plaintiffs' claims of error in the jury instruction on the seat belt special defense." We agree with the plaintiffs.

The plaintiffs' claim that the trial court erred in submitting the special defenses to the jury because there was no evidence linking the plaintiffs' nonuse of the seat belts to their injuries is meritorious. The special defenses in their terms, the theory of the case as tried by the parties, and the trial court's instructions all have the common predicate that the alleged nonuse "contributed" to the damages suffered. The defendant thus had the burden of proof on the issue so raised by him, and this required that he prove that the damages, or at least a portion of them, were proximately caused by the nonuse of the seat belts.[4] After an examination of

[4] Because of the claims of the parties as well as the theory upon which the case was tried, we need not discuss whether, in the absence of an applicable statute requiring the use of seat belts, the defendant could employ the special defense in this case for anything more than "mitigating" the plaintiffs' damages. At the time of the accident in this case, Connecticut had no statute requiring the use of seat belts. We do note, however, that when this case was tried in 1984, there was a statute entitled "Seat safety belts. Child restraint systems" to which subsection (c) was added by Public Acts 1982, No. 82-292, which provides: "Any person who transports a child under the age of four years in a motor vehicle on the highways of this state shall provide and require the child to use a child restraint system approved pursuant to regulations adopted by the department of motor vehicles in accordance with the provisions of chapter 54. For any child between the ages of one year and four years, a seat safety belt in the rear seat of the motor vehicle which complies with the provisions of subsection (b) of this section may be used in lieu of a child restraint system. As used in this subsection, motor vehicle does not mean a recreational vehicle of the truck or van type or a truck or bus having a tonnage rating of one ton or more. *Failure to use a child restraint system shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action.* Violation of this subsection shall be an infraction. The court shall waive any fine imposed on a person who violates this subsection if such person provides proof that he acquired and installed a child restraint system meeting the requirements of this subsection on or before the court appearance date." (Emphasis added.)

The record in this case indicates that neither of the plaintiffs would fall within subsection (c).

the record in this case, we agree with the plaintiffs' claim that there was no evidence that the nonuse of the seat belts had "contributed" to their injuries, and, therefore, the jury was left to sheer speculation on the element of causation.[5] "It is established law that it is

---

[5] At the trial, during which the defendant did not call any witnesses, the evidence on the seat belt issue came from the cross-examination of the plaintiffs. On cross-examination, the plaintiff Gail Wassell testified as follows:

"Q. Mrs. Wassell, where were you seated in the vehicle just prior to the crash?

"A. In the passenger side.

"Q. And were you looking ahead at the time?

"A. No, I think I was looking down and then all of a sudden my eyes glanced up and I just saw the headlights.

"Q. Did you have glasses on at the time?

"A. Yes, I did.

"Q. And the glass that injured your eye was from the windshield?

"A. No, actually the cut that I got from my eye was my glasses that came back and broke on the corner here and went into the corner of my eye.

"Q. Did you have a seat belt on at the time?

"A. No, I did not.

"Q. Did you hit the dashboard as a result of the crash?

"A. Yes, my knee was—well, we had Fiat car and the car's small anyway and I had to have my seat up as—moved up as far as I could for the passengers in the back for their legs.

"Q. After you were removed from the vehicle, after the crash you were taken to Hartford Hospital?"

On cross-examination, the plaintiff Pia Nordlander testified as follows:

"Q. You were seated in the back of the car on the left side?

"A. Yes, I was.

"Q. And the window is what caused the cut on your left cheek?

"A. Yes, I believe it was.

"Q. Did you have a seat belt on at that time?

"A. No.

"Q. Now you mentioned before that your health was good up until the time that the accident had happened and what was . . . ."

The defendant refers to the evidence of the nature of the impact in which the plaintiffs' vehicle was hit and the movements of the plaintiffs within their car at the time of impact. Such evidence is no basis for any finding by the jury on the element of the proximate cause of any injury to either plaintiff resulting from the nonuse of seat belts.

We also note the mechanics of this collision did not result in either plaintiff being thrown from their car. Cf. generally *Caiazzo* v. *Volkswagenwerk A.G.,* 468 F. Sup. 593 (E.D.N.Y. 1979), aff'd in part, rev'd in part and remanded, 647 F.2d 241 (2d Cir. 1981).

error for a court to submit to the jury an issue which is wholly unsupported by the evidence. *State* v. *Rose,* 169 Conn. 683, 687, 363 A.2d 1077 [1975]." *Novak* v. *Anderson,* 178 Conn. 506, 508, 423 A.2d 147 (1979); see *Josephson* v. *Meyers,* 180 Conn. 302, 306, 429 A.2d 877 (1980); *Bonner* v. *Winter,* 175 Conn. 41, 48, 392 A.2d 436 (1978); *Mack* v. *Perzanowski,* 172 Conn. 310, 313, 374 A.2d 236 (1977).

The error committed by the trial court in submitting the seat belt special defenses to the jury requires that the general verdict claim advanced by the defendant be rejected. See *Novak* v. *Anderson,* supra.

There is error, the judgment is set aside and the case is remanded for a new trial limited to the issues of damages of the plaintiffs.

In this opinion the other judges concurred.