RALPH H. ESPOSITO, SR., ET AL. *v.* DANIEL PRESNICK
(5849)

DALY, BIELUCH and FOTI, Js.

Argued February 18—decision released August 23, 1988

*John R. Williams,* for the appellants (plaintiffs).

*Daniel V. Presnick,* pro se, the appellee (defendant).

BIELUCH, J. This appeal concerns events subsequent to this court's remand in *Presnick v. Esposito,* 8 Conn. App. 364, 513 A.2d 165 (1986). At the close of the plaintiffs' case on retrial before a jury, the court granted the defendant's motion for a directed verdict. The plaintiffs have appealed from the judgment on that verdict. The plaintiffs claim that the trial court erred in (1) denying their request for leave to amend the complaint prior to trial, (2) disallowing evidence of tape recordings containing admissions by the defendant, and (3) directing a verdict for the defendant at the close of their case. We find error.

The following facts are relevant to an understanding of *Presnick* v. *Esposito,* supra, and this appeal from the retrial of that case. In January, 1982, the plaintiffs, Ralph H. Esposito, Sr., and Rita Esposito, husband and wife, retained the defendant, an attorney, to represent them as intervening parties in a marriage dissolution action pending between their son and his wife for the purpose of obtaining visitation rights or custody of their two minor grandchildren. Pursuant to this retainer, the defendant appeared for the plaintiffs throughout the dissolution action, but to their ultimate dissatisfaction with his advocacy of their interests.

On November 9, 1982, the plaintiffs, acting pro se, brought an action against the defendant alleging breach of contract, gross negligence, malpractice, excessive fees and harassment. On March 18, 1983, counsel appeared in their behalf. By stipulation of the parties on April 18, 1983, the plaintiffs were allowed to amend their complaint, alleging negligence, dishonesty and untruthfulness, for which they sought the return of their retainer in the first count, and damages for extreme mental and emotional distress in the second and third counts.

The defendant served a request for disclosure and production on the plaintiffs' counsel on August 10, 1983. The plaintiffs objected to two interrogatories and to the production request for "[c]opies of any and all documents which the plaintiffs intend to introduce into evidence." Although the defendant responded to these objections, the trial court failed to rule on them. The plaintiffs, however, on October 14, 1983, filed a notice of compliance with the request for interrogatories and production. Their answer to the defendant expressed continued objection to the interrogatories, and did not respond to the production request for documents.

The second and third counts of the plaintiffs' amended complaint were stricken by the court on May 11, 1984, on motion of the defendant. In its memorandum of decision, the court ruled that "[w]hile the court is satisfied that the substantive law of this jurisdiction supports a claim for emotional distress in the premises, the allegations of the second and third counts do not definitively set forth the basis for same and should be amended." Pursuant to the court's suggestion, the plaintiffs filed a further amended complaint. The defendant again moved to strike the second and third counts. This motion was also granted, the court repeating in its memorandum that the plaintiffs "must allege the factual basis upon which the claim for emotional distress is predicated." The plaintiffs thereafter filed a third amended complaint on August 31, 1984, alleging only the outstanding first count seeking the return of their retainer fee. The defendant's answer on September 5, 1984, admitted that the plaintiffs had paid the retainer fee, for which he had represented them in the dissolution action, but denied all other allegations. Upon closing of the pleadings, the plaintiffs on September 14, 1984, claimed the case for trial by jury.

On July 18, 1985, the court rendered judgment for the plaintiffs on default of the defendant for failure to obtain independent counsel as ordered by the court, subject to the defendant's right of appeal. On appeal to this court; *Presnick* v. *Esposito,* supra; the judgment was set aside and the case remanded for further proceedings. Before retrial, counsel for the plaintiffs was allowed to withdraw, and the plaintiffs again appeared pro se. On December 31, 1986, the plaintiffs moved for leave to amend their complaint by adding two additional counts alleging intentional and negligent conduct and wrongdoing, resulting in emotional, mental and physical harm. The parties appeared in court for jury selec-

tion on January 2, 1987. Prior to the proceedings, the court refused to act on the pending motion for amendment, stating: "I am not going to act on it. Let the judge who will try this case decide whether or not he will allow it." On the first day of trial, January 5, 1987, the request to amend the complaint was denied for this reason: "Now, if that were allowed, we would have to start the pleadings all over again, we wouldn't have a jury trial today." The plaintiffs duly excepted to the court's ruling.

The plaintiffs thereafter proceeded with the trial of their case, with all parties representing themselves. After the plaintiffs finished presenting their evidence, they did not formally "rest" their case. When the court made inquiry about further evidence, Esposito replied: "No, not at this time, your Honor, but I said we'll wait and see before the end of the trial, we have other evidence to present." The court then directed: "You've got to go forward now, sir, you got to put on some evidence now." When it was disclosed that the further evidence consisted of tape recordings of conversations between the plaintiffs and the defendant, the defendant objected to their introduction because of the plaintiffs' failure to produce them pursuant to his production request for "[c]opies of any and all documents which the plaintiffs intend to introduce into evidence." The court denied the admission of the tape recordings into evidence for two reasons. First, for the plaintiffs' failure to "state in your response for production that you were going to introduce any documents." Second, a ground raised by the court and not by the defendant, that the plaintiffs' "testimony is the best evidence." The plaintiffs excepted to this evidentiary ruling, but they and the court failed to have the tapes marked for identification. They did, however, make an offer of proof on the record. Thereafter, on further inquiry of the court, the plaintiffs rested.

Before presenting his case, the defendant moved, in the alternative, for a directed verdict or dismissal for the plaintiffs' failure to make out a prima facie case. Considering the plaintiffs' claim to be one of malpractice, the court granted the motion for a directed verdict for their failure to present expert testimony as to the standard of care required of others engaged in the same profession in the area. After the jury returned a verdict for the defendant as directed, the plaintiffs moved to set aside the verdict and for a new trial, both of which motions were denied. The plaintiffs have appealed from the judgment rendered on the jury's verdict.

The plaintiffs claim first that the trial court abused its discretion in denying the request for leave to amend their complaint prior to trial. On December 31, 1986, the plaintiffs filed a request for leave to amend their complaint by adding counts two and three, both of which initially incorporated the first ten paragraphs of the first count. Count two was predicated on the substantive allegation that the extreme and outrageous conduct and the intentional wrongdoing of the defendant intentionally subjected the plaintiffs to severe emotional distress which resulted in bodily harm and illness to them. Count three alleged that such results were also due to the negligent conduct of the defendant. Before jury selection began on January 2, 1987, the court refused to rule on the request to amend the complaint, but postponed its consideration to a later hearing before the trial judge. The defendant did not object orally or in writing to the plaintiffs' motion on either January 2, 1987, or January 5, 1987, at the hearing on the plaintiffs' proposed amendment. Practice Book § 176. After this hearing, the trial court denied the plaintiffs' request. The reason given by the court for its disallowance of the plaintiffs' request to amend their complaint was not one of substance, merit or prejudice to

the defendant, but one of convenience to the court and its calendar: "Now, if that were allowed, we would have to start the pleadings all over again, we wouldn't have a jury trial today." We find that under the circumstances of this case the trial court abused its discretion in this ruling.

" 'The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court.' *Tedesco* v. *Julius C. Pagano, Inc.,* 182 Conn. 339, 341, 438 A.2d 95 (1980); *Wallingford* v. *Glen Valley Associates, Inc.,* 190 Conn. 158, 161, 459 A.2d 525 (1983). 'In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion.' *Tedesco* v. *Julius C. Pagano, Inc.,* supra. 'The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." ' (Citations omitted.) *Wallingford* v. *Glen Valley Associates, Inc.,* supra, 161–62, quoting *Tedesco* v. *Julius C. Pagano, Inc.,* supra, 341–42." *Wassell* v. *Hamblin,* 196 Conn. 463, 466–67, 493 A.2d 870 (1985).

*Wassell* v. *Hamblin,* supra, presented a similar scenario. There, as here, the request to amend was made immediately prior to jury selection. The trial court there permitted the defendant to amend his answer by adding two special defenses over the objection of the plaintiffs. Applying its stated rule pertaining to the amendment of pleadings, the Supreme Court affirmed the action of the trial court in these words: "At the time the amendments were granted, although the plaintiffs did argue untimeliness, they did not request any continuance nor did they make any claim of prejudice. Under the circumstances, we cannot find an abuse of discretion in granting the amendments." Id., 467.

We also note that the defendant, although pro se, is a practicing attorney. The plaintiffs, on the other hand, began and ended their long and tortuous journey through the courts pro se. They were assisted by counsel in between, but not at the critical time of retrial. "Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 393, 449 A.2d 1026 (1982); *LaBow* v. *LaBow,* 13 Conn. App. 330, 336, 537 A.2d 157 (1988). We have thoroughly and carefully reviewed the entire record and the [plaintiffs'] brief with this end in view." *Cugini* v. *Cugini,* 13 Conn. App. 632, 634, 538 A.2d 1060 (1988).

Finally, the record discloses that on January 2 and 5, the court, from the time of the request by the plaintiffs, suo motu, challenged the lateness of the motion to amend, in the first instance before deferring the decision to the trial judge, and in the second instance before denying the motion. In effect, the court's postponement of a ruling before the selection of a jury began on January 2, to the time before evidence was offered on January 5, only served to support its own stated reason for denying the request on the latter date. Any proper objection to the proposed amendment belonged to the defendant on each date, and not to the court. Under all the circumstances of this prolonged case, we find that the court abused its discretion in denying the plaintiffs' request for leave to amend their complaint.

While our holding on the first issue is dispositive of this appeal, since a retrial is necessary we will review the evidentiary question raised by the plaintiffs in their claim that the trial court erred by denying the admission into evidence of tape recordings containing admissions by the defendant. Initially, we note that the admissibility of the tape recordings into evidence arose prematurely, and at the prompting and direction of the

court. When the plaintiffs, at the court's behest, disclosed the nature of the evidence, namely, tape recordings of the defendant's conversation with them, the defendant objected to their introduction because of the plaintiffs' failure to produce the tapes pursuant to his request for production. The court not only sustained the objection on that ground, but also for its own reason that the plaintiffs' "testimony is the best evidence."[1] The plaintiffs excepted to this ruling. The tape recordings, however, were not marked in evidence by either the plaintiffs or the court.[2] We find that the court abused its discretion in ruling on this evidence prematurely and in excluding its admission.

Practice Book § 231 provides that upon the failure of a party to answer interrogatories or to respond to requests for production, "the court may, on motion, make such order as the ends of justice require. Such orders may include the following . . . (d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence." The trial court erred in imposing this sanction upon the plaintiffs because it failed to consider and apply an exclusion from sanctions contained in § 231: "The fail-

---

[1] We will not review the trial court's unrequested supplemental ruling that the tape recordings were inadmissible because the plaintiffs' testimony was the best evidence. This court reviews rulings solely on the ground on which the party's objection is based. Once the authority and the ground for an objection are stated, our review of the trial court's ruling is limited to the ground asserted. *State* v. *Braman,* 191 Conn. 670, 684–85, 469 A.2d 760 (1983); *State* v. *Brice,* 186 Conn. 449, 457, 442 A.2d 906 (1982); *State* v. *Manning,* 162 Conn. 112, 118, 291 A.2d 750 (1971); see Practice Book § 4185.

[2] While ordinarily the failure to mark an exhibit for identification precludes appellate review of its exclusion; *Carpenter* v. *Carpenter,* 188 Conn. 736, 745, 453 A.2d 1151 (1982); an adequate substitute identification exists here in the offer of proof of the contents of the tape recordings made by the plaintiffs in the absence of the jury. *Plawecki* v. *Angelo Tomasso, Inc.,* 1 Conn. App. 48, 49 n.3, 467 A.2d 944 (1983), cert. denied, 192 Conn. 801, 470 A.2d 1218 (1984); see B. Holden & J. Daly, Connecticut Evidence § 86a; C. Tait & J. LaPlante, Connecticut Evidence § 3.5.5 (d).

ure to comply as described in this section may not be excused on the ground that the discovery is objectionable unless written objection as authorized by Secs. 222, 226, and 229 has been filed."

On August 10, 1983, the defendant served a request for disclosure and production on the plaintiffs' counsel pursuant to Practice Book § 227. This was filed in court on August 12, 1983. The plaintiffs had thirty days thereafter to comply under Practice Book § 228, but by motion thereunder this was extended for an additional like period. In the interval, the plaintiffs filed an objection to two interrogatories and to the production request for "[c]opies of any and all documents which the plaintiffs intend to introduce into evidence." Under § 227, "[r]equests for production . . . shall clearly designate the items to be inspected either individually or by category." Because of this requirement, and for other reasons, the plaintiffs objected to the production request by stating: "The request fails to clearly designate the items to be inspected and further, the granting of this request at this time would unduly burden the plaintiffs as the trial strategy has not yet been developed. The request further seeks materials protected by Section 219 of the Practice Book." The defendant responded to the objections, but they were never placed on the short calendar list for determination by the court as required by Practice Book § 228. Because objection by a party to certain parts of the request does not relieve that party of the obligation to respond to the unobjectionable remaining portions, the plaintiffs filed their timely compliance. Practice Book § 228. Their answers to two interrogatories were "[o]bjected to." No response was given to the production request. At no time, either before or at trial, were the plaintiffs' objections heard and decided by the court.

We measure the trial court's action in imposing sanctions against the familiar standard that, in deciding whether to impose the sanction of exclusion of evidence under Practice Book § 231 (d), "the trial court has a wide discretion, to which great weight and every presumption of correctness should be afforded, and that the ultimate issue is whether the court could have reasonably reached its conclusion." *Kemp* v. *Ellington Purchasing Corporation,* 9 Conn. App. 400, 404, 519 A.2d 95 (1986); *Sturdivant* v. *Yale-New Haven Hospital,* 2 Conn. App. 103, 107–108, 476 A.2d 1074 (1984). We conclude that the trial court abused its discretion in sustaining the defendant's objection to the use of the plaintiffs' tape recordings.

The court prematurely ruled on the admissibility of the tape recordings before their introduction into evidence by the plaintiffs. Although acting pro se, the plaintiffs were entitled to present their case in their own order. The tape recordings were intended to be offered after the defendant's testimony. The court's inquiry about further evidence, while intended to be helpful, unwittingly misdirected them when the court advised: "You've got to go forward now, sir, you got to put on some evidence now."

The court also erred in its ruling by failing to consider the plaintiffs' objection to the production request then still pending for determination by the court. Our review of the record discloses that the defendant did not advise the court of the plaintiffs' objection to his request, to which objection he had responded, but which he had not placed on the short calendar for hearing or sought to enforce by court order on motion under Practice Book § 231. The plaintiffs, acting pro se, did not inform the court of the objection filed by their counsel before his withdrawal. In its review of the pleadings, during consideration of the defendant's objection, the court did not observe the plaintiffs' longstanding objec-

tion or refer to it in its ruling. This is evident in its remarks: "Well, did you—I'm looking at the interrogatories filed by you folks, the answers to Mr. Presnick's interrogatories, Mr. Presnick's interrogatories, dated October 4th [1983], plaintiffs' answer to defendant's request for disclosure and production, Part B, produce copies of any and all documents which the plaintiffs intend to introduce as evidence, I don't see any response after that."

In view of our rulings on the two claims of error reviewed, we find it unnecessary to discuss the remaining issues raised by the plaintiffs.

A matter affecting the administration of justice by this court arose during the pendency of this appeal. Because the subject impairs the integrity of this court and its orders, we are compelled to discuss it, even though it exceeds the issues raised by the appeal. By order of this court pursuant to Practice Book §§ 4103 and 2000,[3] the parties were ordered to appear before a state trial referee on May 19, 1987, for preargument conference. According to the report of the state referee filed with this court, counsel for the plaintiffs appeared, "but Attorney Presnick who was pro se failed to appear or to explain his reason for not appearing." On May 22, 1987, the defendant was ordered to appear before this court on June 4, 1987, and give reasons, if any, "why sanctions should not be imposed pursuant

[3] Practice Book § 4103 provides in relevant part: "The chief justice or a designee may, in cases deemed appropriate, direct the chief clerk of the supreme court to schedule conferences of the parties in advance of oral argument. The chief justice may designate a state referee or senior judge to preside at a conference . . . . Failure of counsel to attend a preargument conference may result in the imposition of sanctions under Sec. 4184."

Practice Book § 2000 provides in relevant part: "The practice and procedure for appeals to the appellate court shall conform to the rules of practice governing appeals to the supreme court except where a particular practice or procedure is specified by the rules of the appellate court."

to [Practice Book] §§ 2036,[4] 4103 and 4184." Although counsel for the plaintiffs appeared at the sanctions hearing, the defendant did not. Instead, he wrote to the court: "Please be advised that this office will not attend your hearing on June 4, 1987. This office will not offer any (sic) to settle this case. We could have settled this case by paying $700. This matter has been appealed before and a pre-trial conference was held concerning that appeal. The plaintiffs have no case whatsoever and there are no grounds for an appeal. The court should just take this case on the papers."

On June 4, 1987, this court issued the following order: "It appearing the Daniel V. Presnick, the defendant pro se party of record in the captioned case, failed to appear at a pre-argument conference scheduled for May 19, 1987, it is hereby ordered that sanctions are imposed on Daniel V. Presnick in the amount of $500, due on or before July 6, 1987. The payment of $500 shall be in the form of a check made payable to the Chief Clerk of the Appellate Court. Upon receipt of those funds, the Chief Clerk is directed to forward the check to the Clerk of the Superior Court, judicial district of Hartford. Upon receipt of the check, the Clerk of the Superior Court, judicial district of Hartford, is directed to issue a check for $500 payable to John R. Williams, Esq." Attorney John R. Williams is counsel for the plaintiffs on this appeal.

The defendant has refused to make payment of the counsel fees ordered as sanctions under Practice Book

[4] Practice Book § 2036 provides in relevant part: "The following will subject an offender, at the discretion of the court, to appropriate discipline including the imposition of a fine pursuant to General Statutes § 51-84, and costs and payment of expenses including attorney's fees to the opposing party: (1) Failure to comply with rules and orders of the court. . . .

"Offenders subject to such discipline include both counsel and pro se parties.

"Actions which may result in the imposition of sanctions include, but are not limited to, failure to attend preargument conferences . . . . "

§ 2036. At argument before us on this appeal, the plaintiffs' counsel requested summary reversal of the trial court's judgment and remand with an order that judgment be rendered for the plaintiffs in the amount sought for failure of the defendant to pay the amount of the sanctions ordered by this court. That we cannot do.

The defendant asserted that he "will not pay one penny," since he is appearing on this appeal not as an attorney, but pro se. That position is untenable. Practice Book § 2036 specifically provides that "[o]ffenders subject to such discipline include both counsel and pro se parties." This challenge to our order for sanctions cannot go unanswered. Although appearing pro se in this action and appeal, the defendant is still an attorney licensed by the Superior Court to practice before the courts of our state. As such, he is subject to the Rules of Professional Conduct adopted by the judges of the Superior Court in his relationship with the courts and public. The preamble to the Rules of Professional Conduct declaring the lawyer's responsibilities provides: "A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process."

We find that the defendant's conduct as an attorney appearing pro se in this case in refusing to obey the order of this court imposed after a hearing on June 4, 1987, as a sanction for his deliberate refusal to attend the preargument conference scheduled for May 19, 1987, constitutes a violation of Rule 8.4 of the Rules of Professional Conduct. This rule provides: "It is professional misconduct for a lawyer to . . . (d)

Engage in conduct that is prejudicial to the administration of justice." For this reason, appropriate disciplinary action should be taken.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion; in addition, the clerk of this court is directed to refer the matter of the defendant's professional misconduct in refusing to obey the order of this court issued on June 4, 1987, to the statewide bar counsel pursuant to Practice Book § 27F for appropriate grievance action, but this reference shall be stayed for twenty days from the date of this decision to permit the defendant to demonstrate finally a willingness to comply with this court's order.

In this opinion the other judges concurred.