[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
The plaintiffs, Louisa Rivera, Eva Rivera and Lucia Rivera, filed a three count complaint on November 1, 1990, alleging that their automobile was rear-ended by the defendant, Patrick Fontana (hereinafter "Fontana"), who was operating an automobile owned by the defendant, Agency Rent-A-Car (hereinafter "Agency").
On May 16, 1991, Fontana filed an answer and special defenses. In his second special defense, Fontana alleges that:
 The plaintiffs, and each of them, caused their injuries to be more severe, or to occur at all, as a result of their failure to wear their seatbelts and/or shoulder harnesses, with which their vehicle was equipped, and but for same, their injuries would not have occurred, or would have been of a much lesser degree.
Defendant Fontana's Answer and Special Defenses, p. 7.
On February 10, 1992, Agency-filed an amended answer with special defenses and a crossclaim. Agency's second special defense is identical to Fontana's second special defense.
On March 13, 1992, the plaintiffs filed a motion to strike the second special defense filed by Fontana and the second special defense filed by Agency. The plaintiffs filed a memorandum of law in support of the motion to strike and both defendants have filed memoranda in opposition. CT Page 3642
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike "admits all facts well-pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). Further, the court must construe the facts alleged in the pleadings most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The plaintiffs argue, in their memorandum in support of the motion to strike, that General Statutes 14-100a(c)(4) prohibits the so-called "seat belt defense." In their memoranda in opposition to the motion to strike, the defendants argue that General Statutes 14-100a(c)(4) is inapplicable because the special defense alleges the failure to mitigate damages rather than contributory negligence. The defendants further argue that in Wassell v. Hamblin, 196 Conn. 463, 493 A.2d 870 (1985), the Supreme Court impliedly authorized the use of the seat belt defense for purposes of mitigation of damages.
General Statutes 14-100a(c)(4) provides that the "[f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action." (Emphasis added).
General Statutes 14-100a(c)(4) bars evidence of the failure to wear a seat belt for the purpose of proving contributory negligence or the failure to mitigate damages. Sirotnak v. Rivera, 3 CSCR 886, 887 (October 14, 1988, Berdon, J.). The defendants' reliance on Wassell v. Hamblin, supra, is misplaced since that decision was issued prior to the adoption of 14-100a(c)(4) by the legislature. The failure to wear a seat belt is not admissible as it relates to mitigation of damages or for any purpose. Fontana's second special defense is stricken and Agency's second special defense is stricken.
BURNS, J.