[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENTAND MOTION FOR LEAVE TO AMEND SPECIAL DEFENSE
On April 26, 1993 the plaintiffs, Bernard W. Dennler, Jr. and Mary Grace Adams, filed a four count complaint against the defendants, B. Nicolo Carpentry, Inc., Bartholomew R. Nicolo, Jr. CT Page 11977 (both referred to as Nicolo), David E. Paine (Paine) and the Town of Colchester (Town). The plaintiffs allege that Nicolo breached their contract and the associated implied warranties, violated the Connecticut Unfair Trade Practices Act (CUTPA) and is guilty of negligence in constructing and selling them a home that violated various state and industry building and safety codes. Further, the plaintiffs allege that Paine, the building inspector for the Town, negligently inspected the premises and negligently issued a certificate of occupancy when he knew or should have known that the plaintiffs' home did not comply with the applicable building codes. The plaintiffs allege that pursuant to General Statutes § 7-465, the Town is required to pay whatever damages Paine becomes legally responsible for due to his negligence in the course of his employment.
On November 26, 1993 the court, Austin, J., denied a motion to dismiss based on governmental immunity filed by Paine and the Town. Thereafter, on December 27, 1993, the court entered a default against Paine and the Town for failure to plead. On July 21, 1994 the court granted Paine's and the Town's motion to open the default and allowed them to answer and file special defenses. Paine and the Town filed a special defense of immunity pursuant to General Statutes § 52-577n(b)(a). That statute does not exist. On August 3, 1994, the plaintiffs replied to the special defenses of Paine and the Town.
On August 29, 1994 Paine and the Town filed a motion for summary judgment, which is presently before the court, demanding judgment as a matter of law based on the doctrine of governmental immunity. On September 8, 1994 the plaintiffs filed a memorandum in opposition to the motion. Therein they request the court to grant a continuance to allow them to depose Paine, who cannot be located. Appended to the motion is an affidavit from the plaintiffs' attorney reciting his inability to locate Paine. On September 8, 1994 Paine and the Town filed a request for leave to amend their special defenses to correct a typographical error in their original special defenses and add a special defense of common law immunity. The plaintiffs filed a timely opposition to this motion on September 9, 1994.[1]
 I. Summary Judgment
Practice Book § 382 provides that "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present facts CT Page 11978 essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
"Where the party opposing summary judgment timely presents his affidavit . . . stating reasons why he is presently unable to proffer evidentiary affidavits [or other evidence] he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion, the trial court then determines whether the stated reasons are adequate. And absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court." (Emphasis in original; Internal quotation marks omitted.) Sheridan v. Board ofEducation, 20 Conn. App. 231, 235-36, 565 A.2d 882 (1989).
The affidavit of the plaintiffs' attorney submitted in opposition to the defendants' motion avers that Paine's attorney cancelled Nicolo's deposition of Paine scheduled for July 29, 1994 because Paine could not be located. He further avers that the plaintiffs noticed a deposition for Paine on September 29, 1994. The plaintiffs argue in their brief and their attorney avers that Paine's testimony is relevant and necessary to determine whether he had knowledge of the code violations that the plaintiffs allege.
The court concludes that the plaintiffs have presented the court with an adequate reason to order and the court does order a continuance with respect to any ruling on the defendants' motion for summary judgment to allow the plaintiffs to depose Paine if such deposition has not yet taken place. Such continuance shall be for not more than 120 days.
II. Leave to Amend Special Defenses
Practice Book § 176 states that "[a] party may amend his pleadings . . . by filing a request for leave to file the amendment with the amendment appended." "The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. . . . In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion. The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the CT Page 11979 facts of the particular case." (Citations omitted; internal quotation marks omitted.) Wassell v. Hamblin, 196 Conn. 463,466-67, 493 A.2d 870 (1985). "Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." WebPress Services Corp. v. New London Motors. Inc., 203 Conn. 342,360, 525 A.2d 57 (1987).
Paine and the Town filed their special defenses in July of this year. Thus, there has been little delay in this case. Further, it is found that it would not be unfair to the plaintiffs to allow Paine and the Town to amend their special defenses. It is clear from the file that plaintiffs have known the nature of Paine's and the Town's defenses since the filing of the motion to dismiss in November of 1993, thus the amendment would not serve to surprise plaintiffs. Lastly, the court finds that Paine and the Town have not been negligent in filing the motion. The amendment simply corrects an obvious typographical error and asserts a defense, which is similar to the one presently plead, albeit incorrectly, by Paine and the Town.
Based on the foregoing the court grants Paine and the Town leave to file amended special defenses, so ordered.
Leuba, J.