[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S OBJECTION TOPLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT (#328)
The plaintiff has requested leave to amend his complaint primarily for the purpose of including ERISA claims already made in his pending federal district court action. He also includes a count previously dismissed, after hearing by Judge Corradino. A trial on his federal claim is scheduled to commence February 10, 1998: a trial in this suit, March 19, 1998. Moreover, the validity of the remaining claims in his existing complaint were argued before Judge Hale on defendant's motion for summary judgment. Judge Hale's decision is pending. The defendant has timely objected to the plaintiffs request, and both sides have submitted memoranda.
"A trial court has wide discretion in, granting or denying amendments of pleadings. . ." O'Brien v. Coburn, 46 Conn. App. 620,625, ___ A.2d ___ (1997)
"In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion. The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the [allowance of the amendment] will unduly delay a trial." (Citations and internal quotation marks omitted.) Wassell v. Hamblin, 196 Conn. 463, 466-7. 493 A.2d 870
(1985).
In this regard, factors to be considered on permitting an amendment include the length of delay, fairness to the opposing party, and the negligence, if any, of the party offering the amendment.
After considering the briefs filed by the parties and the pleadings in the case, I conclude that the objection is well taken, and must be sustained. CT Page 701
First, the plaintiff seeks to reinsert into the case a count of negligent misrepresentation which has already been dealt with. Second, the plaintiffs fear of a res judicata effect is misplaced, as the defendant has conceded in its brief that Kingv. Union Oil Co. of California, 117 F.3d 443 (10th Cir. 1997) is not apposite to the present case. Third, the plaintiff could have combined all of his claims, both state and federal, in a single lawsuit in either state or federal court, if he chose to do so. He did not, and is faced with two trials which are scheduled to commence shortly. Although he conditionally consents to a dismissal of his federal action upon the granting of leave to amend, that may not happen without order of the court, if the defendant objects, as it has stated it will in its brief. See F.R.C.P. 41 (a)(1) and (2). The federal action is to the court, and has been pending since 1995; the state action is to the jury and has been pending since 1993. The plaintiff could have amended his state action long ago to include his ERISA claims, rather than bring a separate federal court action, but again, chose not to do so.
Finally, were the court to grant the amendment as to the ERISA claims, and the district court to order the dismissal of the ERISA claims before it, there is nothing to prevent the defendant from removing this action as amended to the federal court within 30 days, with the likely consequence of a remand of the state claims, see 28 U.S.C. § 1446 (b). This would put this case on a two-way shuttle between this court and the federal court and would probably result in a delay in both trials.
For the foregoing reasons, the objection to the plaintiff's request for leave to amend is sustained. The defendant's request for costs and attorney's fees is denied.
Teller, J.