[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING REQUEST TO AMEND THE SECOND REVISED COMPLAINT (#139)
The plaintiff seeks to amend its Second Revised Complaint dated January 28, 1997. "The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court . . . In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion . . . The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Citations omitted; internal quotation marks omitted.) Wassell v. Hamblin, 196 Conn. 463,466-67, 493 A.2d 870 (1985).
The court concludes that the granting of the plaintiff's motion will not unduly delay a trial or work an injustice to the defendant. There is no indication in the case file that a trial date has been established. Moreover, the defendant has agreed to a ninety-day extension of the initial deadline to close the pleadings.[1] (See Plaintiff's Motion To Amend Scheduling Order With Consent.)[2] The defendant, therefore, cannot now argue that CT Page 12107 the filing of an amended complaint within the ninety-day extension will unduly delay a trial.[3]
Furthermore, the amended complaint merely amplifies or expands upon what has already been alleged. See Bourquin v.Melsungen, 40 Conn. App. 302, 312, 670 A.2d 1322 (1996). Although it includes two new counts and additional allegations, the amended complaint, like the prior complaint, is predicated upon the basic assertion that the defendant failed to acquire the proper permits and licenses. Accordingly, the plaintiff's motion is granted.
ROGERS, JUDGE