## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-751

**SUCCESSION OF BEVERLY**

**ANN BORDELON BAMBER ARMAND**

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
TWELFTH JUDICIAL DISTRICT COURT, DOCKET NUMBER 2018-903849
"A," THE HONORABLE KERRY L. SPRUILL, JUDGE, PRESIDING

**\*\*\*\*\*\*\*\*\*\***

## D. KENT SAVOIE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.

**WRIT GRANTED AND MADE PEREMPTORY; RULING REVERSED; MOTION TO DISQUALIFY COUNSEL GRANTED.**

Saunders, J., dissents and finds no error in the trial court's ruling.

Gremillion, J., dissents and assigns written reasons.

**B. Gene Taylor, III**
**Leslie E. Halle**
**Connor C. Headrick**
**Gold, Weems, Bruser, Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR RELATORS:**
    **Randall Bordelon**
    **David Bordelon**
    **Ronald Bordelon**
    **Kim Bordelon McDonald**

**Charles A. Riddle, III**
**Jenny Donaghey**
**Attorneys at Law**
**P. O. Box 608**
**Marksville, LA 71351-0608**
**(318) 352-6695**
**COUNSEL FOR RESPONDENT:**
    **Succession of Beverly Ann Bordelon Bamber Armand**

**SAVOIE, Judge.**

Relators Randall Bordelon, David Bordelon, Ronald Bordelon, and Kim Bordelon McDonald seek a supervisory writ from the denial of their motion to disqualify counsel for the executor of the estate of the decedent, Beverly Ann Bordelon Bamber Armand (Armand).

## FACTS

The executor of Armand's succession is her great-nephew, James Perry Gaspard, Jr. (Gaspard). He is represented, individually and in his capacity as executor, by attorneys Charles A. Riddle, III (Riddle) and Jenny Donaghey (Donaghey). Riddle and Donaghey are also counsel of record for the Succession.

Letters testamentary were issued to Gaspard when a notarial document purporting to be Armand's last will and testament was probated on March 27, 2018. Riddle drafted the will and notarized it. Donaghey signed the will as a witness.

Armand's testament excluded Relators as legatees. They filed a petition to annul the testament, asserting that it was void for lack of compliance with La.Civ.Code art. 1579 because Armand was legally blind at the time of its execution.[1] Gaspard denied that Armand was legally blind and stated in his answers to interrogatories that he intended to call Riddle and Donaghey as witnesses. In answer to the petition to annul, Gaspard presented affidavits from Riddle and Donaghey and Dodie Lachney, a former legal assistant, who averred that Armand stated that she was able to read and write and that she read and understood the will before she signed it.

---

[1] Relators allege that the attestation clause of the will does not contain a specific statement that the will was read aloud in the presence of the testatrix and the witnesses as required by Article 1579.

Relators filed a motion to disqualify Riddle and Donaghey from acting as counsel for Gaspard because Riddle and Donaghey intend to testify at the trial of this matter because their testimonies relate to the ultimate issue in this case, *i.e.*, whether Armand was visually impaired such that she was not able to read and write the English language when her will was executed.

The motion was heard on September 27, 2019 and denied in open court. No written ruling was signed.

## ANALYSIS

A court's ruling on a motion to disqualify counsel is reviewable by application for a supervisory writ. *Keith v. Keith*, 48,919, (La.App. 2 Cir. 5/15/14), 140 So.3d 1202.

> A motion to disqualify counsel requires the court to balance several important factors: (1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system. The disqualification of counsel must be decided on a case-by-case basis.

*Dhaliwal v. Dhaliwal*, 49,973, p. 11 (La.App. 2 Cir. 11/25/15), 184 So.3d 773, 781, *writ denied*, 16-236 (La. 4/4/16), 190 So.3d 1204 (citations omitted). "[T]he burden of proving disqualification of an attorney or other officer of the court rests on the party making the challenge." *Walker v. State, Dep't of Transp. & Dev.*, 01-2078, 01-2079, p. 3 (La. 5/14/02), 817 So.2d 57, 60.

The refusal to disqualify an attorney is typically subject to review under the manifest error standard. *McCann v. ABC Ins. Co.*, 93-1789 (La.App. 4 Cir. 7/14/94), 640 So.2d 865. Relators, however, urge that they are entitled to a *de novo* review because the trial court made an error of law in its application of Rule 3.7(a)(2) and (3) of the Louisiana Supreme Court Rules of Professional Conduct. Relators aver

2

that they were unable to find any Louisiana cases establishing the standard of review for trial court decisions based on the Louisiana Rules of Professional Conduct. We agree.

"[W]hen a trial court applies incorrect legal principles and these errors materially affect the outcome of a case and deprive a party of substantial rights, legal error occurs." *Vidrine v. Vidrine*, 17-722, p. 8 (La.App. 3 Cir. 5/2/18), 245 So.3d 1266, 1274 (citing *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731). "[W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable." *Evans* at 735. In such case, the *de novo* standard of review applies. *Bliss v. Lafayette Par. Sch. Bd. Sales Tax Div.*, 19-186 (La.App. 3 Cir. 12/18/19), 284 So.3d 703. In the present case, the trial court incorrectly applied the exceptions found in La.Rules Prof.Conduct, Rule 3.7 to the circumstances in this case, as discussed below. Therefore, this case should be reviewed *de novo*.

When it denied the motion to disqualify, the trial court found that exceptions provided by Rule 3.7(a)(2) and (3) applied. Rule 3.7 prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness except under certain circumstances and provides, in pertinent part, that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.

3

In *Franklin Credit Mgmt. Corp. v. Gray*, 07-1433 (La. App. 4 Cir. 1/14/09), 2 So.3d 598, *writ denied*, 09-476 (La. 4/17/09), 6 So.3d 795 (footnotes omitted), the court considered an affidavit from the defendant's counsel, who opined that the payment history submitted by the plaintiff was inaccurate. The court found that the affidavit was not competent evidence to defeat a summary judgment motion. The court found that Rule 3.7 prohibited Gray's counsel from testifying as a witness where there was no evidence that Gray was unavailable to testify or unable to provide evidence of his payments on the loan. The court further found that there was no evidence that disallowing the attorney's testimony would present a substantial hardship for Gray. The court explained:

> [P]art of the general "advocate-witness rule" is that counsel should avoid appearing as both advocate and witness except under extraordinary circumstances. In *Farrington v. Law Firm of Sessions, Fishman,* 96–1486, pp. 4–5 (La. 2/25/97), 687 So.2d 997, 1000, the Court, citing *Presnick v. Esposito,* 8 Conn.App. 364, 513 A.2d 165, 167 (1986), *on remand, Esposito v. Presnick,* 15 Conn.App. 654, 546 A.2d 899 (1988), discussed the rationale behind the advocate-witness rule as follows:
>
>> One reason is that it is unfair to the client that his case be presented through a witness whom the trier of fact would necessarily view as interested because of the witness' zeal of advocacy and likely interest in the result of the case. A second reason is one of public policy: permitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role. That is the reason which Professor Wigmore believed to be the most potent reason for the prohibition of the attorney as witness on behalf of his client. . . . The third reason for the rule is to avoid the appearance of wrongdoing.
>
> Only a few cases in Louisiana exist where the court has been presented with extraordinary circumstances and allowed the lawyer of a party to the litigation to testify on behalf of his client. In *Jordan v. Intercontinental Bulktank Corp.,* 621 So.2d 1141, 1148 (La.App. 1st Cir. 1993), the plaintiff's lawyer was allowed to testify concerning numerous attempts to collect maintenance and cure from the defendant when no other witness was available to provide such testimony and the

4

attorney had personal knowledge regarding the issue of nonpayment. Further, the court reasoned that to disallow the testimony of counsel would work a substantial hardship on the plaintiff. Similarly, in *Nicholas v. Nicholas,* 04–2176, pp. 8–9 (La.App. 1 Cir. 9/23/05), 923 So.2d 690, 695–696, the plaintiff's lawyer was allowed to testify on the plaintiff's behalf regarding the defendant's continued failure to make court-ordered payments when the plaintiff unexpectedly became ill and was unable to attend the hearing. The court allowed the representing lawyer to testify specifically because the lawyer had first-hand knowledge concerning the defendant's failure to abide by the court's order, and because to disallow the testimony would work a substantial hardship on the plaintiff. Thus, in both *Jordan* and *Nicholas*, the litigants' counsel were allowed to testify for a very limited purpose and because they were the only persons with personal knowledge available to testify.

*Id.* at 603-04.

In *Adcock v. Ewing*, 45,949 (La.App. 2 Cir. 1/26/11), 57 So.3d 434, Adcock sought annulment of the Ewings' default judgment against him, based, in part, on his assertion that he had been dismissed from the litigation. The legal assistant for the plaintiffs' attorney had mistakenly checked the dismissal box on a form rather than the default box when filing the documents to obtain a preliminary default, but the error was corrected. The trial court admitted an affidavit from the Ewings' attorney regarding the error and its correction and denied a motion to disqualify based on Rule 3.7. The court found that this testimony related to the nature of the legal services and had nothing to do with the merits of the case.

Gaspard cites *Divincenti v. Redondo*, 486 So.2d 959 (La.App. 1 Cir. 1986), where the attorney who drafted the lease that was the subject of the litigation was called to testify as a witness at trial. Rule 3.7 did not exist at the time that *Divincenti* was decided, therefore, we find this case to be inapplicable.

Relators filed this will contest as excluded legatees based on La.Civ.Code art. 1579, asserting Armand was legally blind when the current will was executed. The trial court concluded that the exception found in Rule 3.7(a)(2) applies, which states

5

that a lawyer in a case may be a witness if "the testimony relates to the nature and value of legal services rendered in the case." The trial court also found that the "disqualification of the lawyer would work substantial hardship on the client." La.Rules Prof.Conduct, Rule 3.7(a)(3).

Whether Armand was legally blind at the execution of the will is a material fact. Therefore, any witness testifying to this fact is a material witness. The testimony of the attorneys in this case will be that Armand was not legally blind on the day of the execution of the will. That is not testimony relating "to the nature and value of legal services rendered in the case." Rather, it is testimony directly related to the outcome of this matter. We find that it is a conflict of interest for the attorney who drafted the contested will to be a material witness in the determination of the validity of said will, when that attorney is enrolled as counsel in the case. The trial court incorrectly applied this exception.

Further, regarding the hardship of the executor Gaspard, the contested will names him as the sole universal legatee of Armand's estate. The trial court relied solely on his testimony that the delay in the completion of the probate of the Succession presents a substantial hardship. We find that the self-serving testimony of the sole legatee should not be enough to overcome the general rule that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." La.Rules Prof.Conduct, Rule 3.7. Gaspard does not reasonably explain how retaining another lawyer would cause him "substantial hardship." He has not provided this court with sufficient justification to overcome the exception. Therefore, this exception is also incorrectly applied.

Based on the foregoing reasons, Relators' writ application is granted and made peremptory. The trial court's ruling denying the motion to disqualify counsel

is reversed; the motion to disqualify counsel from the nullification proceedings is granted.

**WRIT GRANTED AND MADE PEREMPTORY; RULING REVERSED; MOTION TO DISQUALIFY COUNSEL GRANTED.**

**Gremillion, J.**, dissents and assigns written reasons.

The majority reverses the decision of the trial court and finds that the attorneys representing both the Executor of the Succession and the Succession are disqualified pursuant to La.Rules Prof.Conduct, Rule 3.7. I respectfully disagree.

The majority conducts a *de novo* review and finds that the attorneys' testimony regarding Armand's sight at the time of the execution of the will relates directly to the outcome of the petition to annul Armand's testament rather than to the nature and value of legal services rendered. The majority also finds that the Executor failed to show that the disqualification of his counsel would cause him substantial hardship. Based on these findings, the majority concludes that the trial court incorrectly applied the exceptions provided by Rule 3.7(a)(2) and (3).

Relators aver that they were unable to find any Louisiana cases establishing the standard of review for trial court decisions based on the Louisiana Rules of Professional Conduct and the majority agrees. However, in *McCann v. ABC Ins. Co.*, 93-1789 (La.App. 4 Cir. 7/14/94), 640 So.2d 865, the court considered a motion to disqualify based on a violation of Rules 1.9 and 1.10 dealing with disqualification based on former representation. The court found no manifest error in the trial court's denial of the motion where there was no showing that the alleged violations of the Rules of Professional Conduct prejudiced the movers. In *J. Patrick, Inc. v. Patrick*, 10-2017, p. 3 (La.App. 1 Cir. 7/9/15) (unreported

1

opinion), *writ denied*, 15-1663 (La. 10/30/15), 180 So.3d 302, the court utilized the de novo standard of review where "the trial court's ruling that an act of lawyer that allegedly violates Rule 1.8(a) of the Rules of Professional Conduct is at most a relative nullity is a legal determination."

Moreover, "legal error[s] occur[] when a trial court applies incorrect principles of law[,] and such errors are prejudicial." *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731, 735. As stated by the majority, "where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable." *Id*. In this instance, the legal errors alleged are based on what the majority deems to be incorrect findings of fact by the trial court rather than errors of law that "skew[] the trial court's finding of a material issue of fact" causing "it to pretermit other issues." *Id.* Therefore, I am of the opinion that the correct standard of review in this case is the manifest error standard.

At the hearing on the motion to disqualify in the case sub judice, the trial court stated:

> I think that we're dealing with a very special and limited exception to the 3.7 Rule of Professional Conduct that prohibits attorneys from being attorneys and witnesses in the same matter. As the testimony that I perceive the court will be dealing with will deal directly with the nature of the legal services rendered in the case and in particular in the drafting of the Will [sic]. I further recognize that there are no other witnesses available to provide this testimony other than Mr. Riddle, Ms. Donaghey[,] and I think Ms. Lachney[,] who were the witnesses and notary on the Will.
>
> . . . .
>
> There are arguments to be made about hardship[,] perhaps there are hardships[,] and I just think that we're dealing with a judge trial[,] and I'm confident that I can be fair to both sides [] under the circumstances and give proper weight and credibility to the witnesses after hearing [] everybody testify and considering all evidence.

The Executor, Gaspard, asserts that the delay in the completion of the probate and administration of the Succession presents a substantial hardship

because the Succession does not always have cash on hand to pay the minimum bills and expenses that he incurs in protecting the property from deterioration. Gaspard asserts that he must pay these expenses himself and then wait until the property of the Succession generates enough income to reimburse him. Gaspard also alleges that delay would be the only thing accomplished by the granting of the motion to disqualify.

I am of the opinion that the trial court did not commit manifest error because this is the type of case discussed in *Franklin Credit Mgmt. Corp. v. Gray*, 07-1433, p. 9 (La. App. 4 Cir. 1/14/09), 2 So.3d 598, *writ denied*, 09-476 (La. 4/17/09), 6 So.3d 795, where "extraordinary circumstances" exist and the attorneys for the Executor and the Succession should be able to testify on their clients' behalf. No other witnesses are available to testify as to the conditions present on the day the testament in question was signed by Armand. The attorneys have personal knowledge regarding Armand's condition at the time at issue. For these reasons, I would deny the instant writ application and find no error in the trial court's denial of the motion to disqualify counsel.