### DARRYL J. HUDOCK v. GRA-ROCK GINGERALE COMPANY ET AL.

| SUPERIOR COURT | FAIRFIELD COUNTY AT BRIDGEPORT | FILE NO. 147161 |
|---|---|---|

Memorandum filed January 16, 1975

*Friedman & Friedman,* for the plaintiff.

*Cotter, Cotter & Sohon,* for the named defendant et al.

*Bai, Pollock & Dunnigan,* for the defendant Owens-Illinois, Inc.

*Willis & Willis,* for the defendant Great Atlantic and Pacific Tea Company.

SADEN, J. The plaintiff and the defendants have argued this motion solely on the basis of obtaining written reports of the defendants' experts in exchange for the plaintiff's experts' reports.

The court deems an expert's report to fall within the language of Practice Book § 167 (D) referring to a "statement made by a nonparty declarant." To attempt differentiation between a report and a statement here seems to be splitting inconsequential hairs.

The wording of § 167 (D) could undoubtedly be improved, but, as it stands, it allows discovery of experts' reports. Section 167 provides that a court, "for good cause shown," may order disclosure or production of documents, etc., material to the mover's cause of action. "Good cause" is conclusively presumed, under § 167 (B), with respect to any statement referred to in §§ 167 (C) and (D). Section 167 (D) provides for discovery of "any statement made by a nonparty declarant." That language suggests the broadest application of the rule. Section 167 (D) then adds that "[e]*xcept with respect to reports of experts,* it shall be a ground for objection under . . . (D) . . . that the statement was (1) made in anticipation of litigation . . . and (2) obtained by . . . an attorney retained by . . . any party." (Italics supplied.)

If § 167 (D) were not intended to apply to experts' reports, as the defendants claim, that intent should be stated in simple language. The above language merely excepts such reports from attack on the two grounds for objection that follow. That language, if anything, makes such reports more readily available than other nonparty declarant statements.

This is a products liability case where many courts have allowed discovery. 3 Frumer & Friedman, Products Liability § 47.03. While authorities differ on this question of discovery and production, a liberal interpretation of the rules, particularly in products liability cases, is desirable.

Production is ordered of any written reports of experts now or hereafter obtained by the defendants, respectively, for simultaneous exchange now or hereafter with the plaintiff of his experts' written reports.