[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT ON COUNTERCLAIM AND SET-OFF COUNT (#188)
Plaintiff relies on Practice Book Section 220(d) and Sturdirant v. Yale-New Haven Hospital, 2 Conn. App. 103 (1984) as a basis for its claim that John Canora was not disclosed as an expert or qualified to testify as to the profitability of certain work involved in this project.
Mr. Canora prepared exhibit 15 for the defendant providing "evidentiary underpinning" for the counterclaim and set-off verdicts. The jury awarded $6,750.00 for the defendant. Plaintiff contest any award or in the alternate a remitter to $2,966.00 damages, the sum recorded in exhibit 15.
John Canora has a bachelor of science in electric technology. He was the project manager for defendant on this job accountable to the named defendant and its parent company. He was not employed by defendant at the time of this trial as he left defendant for more money. There was no evidence of any motive to favor plaintiff or defendant. His duties were to plan, analyze, organize and directly control the electrical construction on this project. He prepared invoices and reviewed all bills on this project. He reviewed all bills from subcontrators to see if they should be paid. He planned the schedules and purchases. He coordinated and oversaw all subcontracts. He supervised the direct costs on the project. He had a duty and the responsibility to ascertain that all needed labor was available and there. He was not involved in the selection process of subcontractors. He observed the rate of speed of plaintiff's work on the project. Prompt work and progress favored profitability. Slow work, delay, and lack of progress decreased profitability. General administrative expenses such as insurance, and overhead had to be factored into each subcontract. Plaintiff was a slow starter on this project and was not properly tooled and did not have proper equipment for the job. Defendant alleged and presented "evidential underpinnings" that certain trenching and backfilling work were not performed by plaintiff in a workmanlike manner and was not in CT Page 6709 accordance with the plans and specifications. Plaintiffs' performance improved and got better so that plaintiff eventually finished its part and obligation as accepted and determined by the parties.
The testimony of Mr. Canora provided the "evidentiary underpinnings" for the jury's verdict of $6,750.00. The jury was entitled to exceed the $2,966.00 recited in exhibit 15. No testimony limited its overall value as evidence. Mr. Canora testified mainly as to facts and computations based on his duties and responsibilities. The plaintiff's unilateral conclusion that he was an expert opinion witness invades the province of the jury to consider all the evidence and draw the factual predicates for this verdict as returned.
The motion to set aside the verdict on the counterclaim and set-off or in the alternative to order a remitter is denied.
John N. Reynolds State Trial Referee