[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT OF DISMISSAL
The issue presented by the defendant's motion is whether the plaintiff's complaint should be dismissed pursuant to Connecticut Practice Book § 231(e) for failure to comply with discovery.
Factual Background
The plaintiff, Sal DeBenedetto, filed a complaint on July 22, 1991, against the defendant, United Illuminating Company. The complaint arises out of three alleged "power surges/spikes" which allegedly damaged the plaintiff's recording studio equipment. The defendant paid the plaintiff $25,000 in connection with a confirmed prior power surge on June 23, 1990. In return, the plaintiff signed a release which relieved the defendant of any liability in connection with that surge. Since that time the plaintiff has alleged that the three surges presently at issue have caused over $779,000 in damages.
On December 2, 1991, the defendant filed an answer and two special defenses. In the first special defense the defendant alleges that the plaintiff's damage was due to his own negligence and in the second special defense the defendant alleges that the CT Page 7827 plaintiff released it from all liability as a result of the June 23, 1990, incident.
On March 30, 1994, the defendant filed a motion to dismiss the plaintiff's complaint on the ground of abuse of the discovery process, pursuant to Practice Book § 231(e). The defendant's claims are as follows: 1) after the plaintiff was instructed by the court to produce all relevant tax documents he failed so to do; 2) the plaintiff repeatedly refused to answer questions and walked out of his January 24, 1994, deposition; 3) instead of allowing to be deposed any further, the plaintiff sent a few copies of incomplete tax records; 4) despite requests that the plaintiff produce brochures regarding his damaged equipment, he has failed so to do, claiming ignorance of the request; 5) plaintiff has refused, without explanation, to produce a copy of a record book, which he claimed contained all pertinent financial information; and 6) plaintiff has disclosed an expert, who in a sworn affidavit, stated the he has not agreed to be an expert in the present case. Further, more than one year prior to the instant motion, at a pretrial conference on May 11, 1993, the court, Gordon J., instructed the plaintiff to produce all relevant tax and financial information regarding this litigation.
The defendant submitted the following fifteen exhibits with his motion: a signed release from the plaintiff and proof of settlement regarding the May, 1990, power surge; defendant's May 27, 1994, request for production; plaintiff's objection to defendant's request; correspondence between the parties' counsel regarding inspection of the studio; the December 17, 1992, deposition of the plaintiff; two letters between the parties' counsel regarding an authorization to release tax information; the re-notice of deposition dated November 10, 1993; copies of unsigned, unfiled tax records; copies of a calendar and appointment record, identified as plaintiff's record of studio bookings and receipt of cash; the May 6, 1993, deposition of Sal DeBenedetto, Jr.; two letters regarding the defendant's visit to the plaintiff's studio to examine brochures and equipment; purported profit and loss statements from 1988-1991; the affidavit of Gregory Davis, the expert disclosed by the plaintiff, stating he never agreed to testify as an expert for the plaintiff.
The plaintiff has responded that the defendant has distorted the facts and that he did not walk out of the deposition. The plaintiff argues that the deposition ended prematurely because of an impending winter storm. The plaintiff argues that the defendant CT Page 7828 has attempted to dissuade the plaintiff's expert from testifying in his behalf. The plaintiffs' responses have not directly countered the defendants' allegations rather they argue that the defendant contorted the meaning of his words. Further, he argues that the deposition does not support the defendant's arguments.
Legal Discussion
In the event of a party's failure to answer any or all questions at a deposition the court may make such order as the ends of justice require. Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138,143, 470 A.2d 246 (1984), citing Practice Book § 231 (the court dismissed the plaintiff's complaint for his refusal to answer questions during his deposition).
 Factors to be considered in determining an appropriate sanction are (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability rather than willfulness, bad faith or fault of the deponent; . . . (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct.
Pavlinko v. Yale-New Haven Hospital, supra.
The court also dismissed a case for the plaintiff's disclosure of an expert who had not agreed to testify. Stavola v. Faiaz,2 CSCR 1034 (September 4, 1987, Satter, J.). "This sanction will also deter other litigants from playing fast and loose, with the discovery process which is so essential to assuring a fair trial." Id., 1035, citing Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103,108, 476 A.2d 1074 (1984).
In the present case, the plaintiff has not complied with the defendant's discovery requests nor has the plaintiff complied with pre-trial instructions to produce all relevant documents. The defendant has presented evidence in the form of an affidavit that one of the experts disclosed by the plaintiff has not agreed to testify. Thus far, however, the prejudice to the defendant has not CT Page 7829 been irreparable.
Accordingly, the Defendant's Motion For Judgment of Dismissal (#122) is denied without prejudice to renew. The costs of bringing this motion, including a reasonable attorney's fee, are awarded to the defendant. The defendant is directed to submit a bill of costs for action by this Court.
So ordered.
Michael Hartmere, Judge