[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO TAKE VIDEOTAPEDEPOSITION OF RONALD ELWELL.
The Court has heard oral argument on this motion and has reviewed plaintiff's Memorandum of Law In Support, defendant's Memorandum of Law in Opposition, and the Supplemental Memorandum of each.*
The precise issue, whether a Permanent Injunction entered by a Michigan court by stipulation of Ronald E. Elwell and General Motors Corporation, which "enjoins Elwell from testifying without the prior written consent of GM, either at deposition or trial, as an expert CT Page 374 witness, or as a witness of any kind, and from consulting with attorneys or their agents in any litigation already filed or to be filed in the future, involving GM as an owner, seller, manufacturer and/or designer of the product(s) in issue," is entitled to full faith and credit from Connecticut.
Mr. Elwell's deposition has been sought in fourteen cases throughout the United States in which the same issue was presented as is present here. In twelve of the fourteen cases, G.M.'s argument that the full faith and credit clause of the U.S. Constitution requires that the Michigan judgment permanently enjoining Elwell from testifying against G.M. in product liability cases be given effect, has been rejected, and his deposition permitted. This court finds the reasons stated by those cases which permitted Mr. Elwell's deposition to be persuasive.
Those are the follows:
1. Williams v. General Motors, No. 90V-6276, Fulton County, Georgia;
2. Shaffer-Kleoppel v. General Motors Corporation,
No. 93-0498-CV-W-S, United States District Court Western District of Missouri, Stevens, J., 11/19/93;
3. Baker/Shoemaker v. General Motors, 91-0991-CV-W-8, 91-0090-CV-W-8, USDC, W.D. Missouri;
4. Peoples v. General Motors, CV 91-490J, Circuit Court, Limestone County, Alabama;
5. Roberts v. General Motors, No. E-12577, Superior Court, Fulton County, GA;
6. Moseley v. General Motors, Civ. Action No. 90V-6276, State Court of Fulton County, Georgia;
7. Norton v. General Motors, 1 Civil Action No. 3:93-CV-62(W)(S), United States District Court Southern District of Mississippi Jackson Division, 11/19/93;
8. Pollan v. General Motors, No. 92-47545, United CT Page 375 States District Court, 165th Judicial District, Harris County, Texas, 12/27/93.
9. Worden v. General Motors Corporation, et al., No. 92-2-11770-9, In the Superior Court of the State of Washington in and for the County of Pierce, Hayes, J., 3/11/94;
10. Worden v. General Motors Corporation, et al., No. 18127-4-II, Court of Appeals of the State of Washington, 5/20/04, ruling denying review;
11. Meche v. U-HAUL Co. of Houston, General MotorsCorporation et al., No. 9161378, In the District Court of Brazoria County, Texas, 8/8/94;
12. Carpenter v. King and General MotorsCorporation, Commonwealth of Kentucky, Court of Appeals, No. 93-CA-1788-OA, 9/20/93.
It would serve no useful purpose to quote from the above cases; they are all exactly on point, and together constitute a powerful argument to permit Elwell's deposition.
Moreover,
 It is a well-settled principle that, unless the law of another jurisdiction or rights arising thereunder contravene our public policy or violate our positive laws, a plaintiff may enforce in this state any legal right of action which he may have whether it arises under our own law or that of another jurisdiction.
Adamson v. Adamson, 151 Conn. 172, 176 (1963). (Citations omitted)
The court therefore should determine whether Connecticut's public policy would be contravened by the Michigan injunction which would prevent Mr. Elwell from testifying anywhere at any time in any products liability case involving G.M. CT Page 376
 We agree that the rules of discovery, by facilitating an intensive search for the truth through accuracy and fairness, provide procedural mechanisms designed to make a "trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." United States v. Proctor Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077
(1958); see Pool v. Bell, 209 Conn. 536, 541, 551 A.2d 1254 (1989); Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 106, 476 A.2d 1074 (1984); K. Sinclair, Federal Civil Practice (2d Ed.) §§ 9.03 through 9.10. Moreover, a liberal interpretation of discovery rules is particularly desirable in products liability cases; Hudock v. Gra-Rock Gingerale Co., 32 Conn. Sup. 94, 96, 340 A.2d 193 (1975); because of the complex nature of the considerable proof required in order successfully to maintain this type of action.
Picketts v. International Playtex, Inc., 215 Conn. 490.
The court concludes that the Michigan injunction involves a blanket prohibition that contravenes Connecticut public policy and hence is not entitled to full faith and credit.
The motion is granted.