[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion to preclude an expert from testifying because of failure to comply with the time requirements of PB § 220D.
Knock v. Knock, 224 Conn. 776 (1993) is difficult to apply since although it purports to set forth a distinct "good cause" standard, in the good cause analysis it factors in considerations having to do with prejudice.
I will not grant the motion to preclude here basically because several months remain to trial and no actual prejudice is shown except that which would result from the court's failure to enforce the rigid provisions of PB § 220D. There is not a hint that counsel delayed disclosure to gain an unfair tactical advantage, cf Perry v. Hospitalof St. Raphael, 17 Conn. App. 12 (1988), Sturdivant v. YaleNew Haven Hospital, 2 Conn. App. 103 (1983). At the most he realized that in what are often complicated products liability matters he would need another expert — even if the court were to accept this as the reason for delay in disclosure that would not be sufficient reason to preclude the expert seeing that several months remain until trial.
However it is the further order of the court that PB § 220A disclosure of the substance of the new expert testimony be provided to opposing counsel within ten days if it has not already been done so. Also in the event depositions are held of the newly disclosed experts the added cost of any expedited transcript must be paid by the party or parties who intend to offer the expert testimony. If there is any difficulty in any discovery procedure including deposition scheduling as regards this expert testimony counsel should contact my clerk to schedule an expedited hearing.
The motions to preclude are denied with the foregoing understandings.
Corradino, J. CT Page 7520