[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Richard J. Pascal, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Lewis Mandell. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. Statewide Grievance Committee,216 Conn. 228 (1990). The court finds the issues in favor of the plaintiff.
Certain essential facts are not in dispute. In October 1991, the plaintiff was working as an associate in the law firm of Waller, Smith Palmer in New London. The firm represented the Electric Boat Division of General Dynamics Corp. in a law suit against the Connecticut National Bank, and the plaintiff was assigned to work on the case. He determined that an expert witness in the field of banking practices and procedures would be needed at trial. Accordingly, he telephoned Lewis Mandell, a professor of finance at the University of Connecticut.
During their conversation, Mandell indicated that he was familiar with the general subject matter of the law suit, but he did not specifically agree to serve as a witness for the plaintiff. He and the plaintiff discussed the facts of the case and the issues involved in general terms. Mandell also advised the plaintiff that his fee CT Page 12160 would be at the rate of $1200 per day. A few days later, Mandell followed up with a letter to the plaintiff, confirming their conversation and ending with, "I look forward to meeting with you if you decide to proceed with me in this case." He enclosed a copy of his curriculum vitae.
There was no further contact between the plaintiff and Mandell. About a month later, however, the plaintiff filed with the court a "disclosure of expert" statement in connection with the law suit. He filed this statement pursuant to Practice Book § 220(D). In it, the plaintiff states that he intends to call Mandell as an expert witness; he states the general subject matter of the expected testimony; and he states a summary of the facts and opinions that he expects will be introduced. The general tenor of the statement is that Mandell is expected to testify as an expert in favor of the plaintiff's position in the law suit. The plaintiff also attached a copy of Mandell's curriculum vitae.
Subsequent to the filing of the § 220(D) statement, the law suit settled without ever reaching trial. As noted, Mandell had never actively participated in the suit other than the one telephone discussion about it with the plaintiff.
In March 1993, the plaintiff left the firm of Waller, Smith Palmer.
At some point during 1993, Mandell learned about the § 220(D) statement, disclosing his name and the substance of his expected testimony, and he also found out that the law suit settled without going to trial. In August 1993, Mandell's attorney wrote to Waller, Smith Palmer requesting information. After receiving the firm's reply, on September 21, 1993, Mandell's attorney wrote the firm demanding $1200 in payment of a "retainer fee." The firm refused to pay on the basis that Mandell's professional services were never utilized in the case. Mandell never wrote the plaintiff to demand payment. On November 24, 1993, Mandell filed this grievance complaint, naming the plaintiff as well as some members of the firm of Waller, Smith Palmer. CT Page 12161
On January 18, 1994, the local panel found no probable cause with respect to the complaint against the plaintiff. On May 5, 1995, the defendant statewide grievance committee reversed that decision and scheduled a hearing on the grievance. The hearing was held on June 6, 1994 before a reviewing committee. Both the plaintiff and Mandell appeared pro se and testified. The reviewing committee accepted other documentary evidence as well, including the correspondence between Mandell's attorney and the plaintiff's former law firm and the § 220(D) disclosure statement. On March 16, 1995, the committee rendered its final decision in which it adopted the proposed decision of the reviewing committee finding that the plaintiff had violated Rule 4.4 of the Rules of Professional Conduct. In accordance with that finding, the committee issued a reprimand to the plaintiff.
Section 4.4 of the Rules provides, in relevant part, that "a lawyer shall not use . . . methods of obtaining evidence that violate the legal rights of (a third person)." In its decision, based on the facts summarized above, the committee held "that the (plaintiff's) use of the Complainant's name as an expert and expected testimony without retaining the Complainant constituted a violation of Rule 4.4 of the Rules of Professional conduct. The (plaintiff) received the benefit of the use of the Complainant's name without the knowledge or consent of the Complainant."
In his brief, the plaintiff advances four arguments as bases of his appeal: (1) that the decision violates Practice Book § 27F(a)(2)(H); (2) that there is no evidence of intentional conduct on the part of the plaintiff; (3) that the decision is in conflict with Practice Book § 220(D); and (4) that the complainant never demanded payment from the plaintiff, and, therefore, there is insufficient evidence that the plaintiff violated the complainant's rights.
An appeal from a decision of the committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides:
(f) Upon appeal, the court shall not CT Page 12162 substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion.
As indicated by the above provision of the Practice Book, the scope of the court's review is very limited. Although an appeal of a decision of the committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., the practice book provisions are so similar to the provisions of General Statutes § 4-183 of the UAPA that many of the same principles of law apply to appeals of the committee's decisions. "With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. Connecticut Light PowerCompany v. DPUC, 219 Conn. 51, 57 (1991). Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381,385 (1988).
The standard of proof applicable to the committee in CT Page 12163 determining whether an attorney has violated the Rules is clear and convincing evidence. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 475, 477 (1989). This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. Statewide GrievanceCommittee v. Presnick, 18 Conn. App. 316, 323 (1989). Thus, there must be clear and convincing evidence in the record to support the committee's finding of a rules violation by an attorney.
The court has reviewed the entire record in this case, including the transcript of the hearing and the various documents submitted by the parties. The court has also, of course, studied the briefs of counsel. Based on this review, the court concludes that the evidence in the record does not support the decision of the committee that the plaintiff violated § 4.4 of the Rules of Professional Conduct.
First, a literal interpretation of § 4.4 is that it prohibits a lawyer from obtaining evidence in a way that violates a third person's rights. In this case, the statements that the plaintiff attributed to Mandell did not, under the most liberal view of the term, rise to the level of "evidence." The plaintiff's § 220(D) statement says, "Pursuant to Practice Book Section 220, plaintiff hereby discloses that it intends to call an expert witness at trial as follows: (indicating plaintiff's name and address) . . .;" and "(a) Dr. Mandell is expected to testify . . .;" and "(b) the substance of the facts and opinions to which Dr. Mandell is expected to testify are . . ." (Emphasis added.) It is obvious that the plaintiff's statements in the disclosure required by the practice book are not and never could be "evidence;" they are merely a summary of what the plaintiff hoped and expected Mandell would testify if ultimately called as a witness. The record in this case, therefore, does not support a finding by clear and convincing evidence that the plaintiff violated the literal terms of Rule 4.4.
The committee's decision focuses in part on its finding that the plaintiff and his client somehow wrongfully profited from the use of Mandell's name and expert opinions. Thus, the decision states, "The (plaintiff) received the benefit of the use of the CT Page 12164 Complainant's name without the knowledge or compensation of the Complainant." (Emphasis added.) There is no evidence in the record, however, that the plaintiff used Mandell's name and opinions other than to comply with the mandates of Practice Book § 220(D). Specifically, there is nothing in the record except the speculation of the members of the reviewing committee that the disclosure statement had a favorable effect on the settlement of the law suit. The plaintiff consistently and repeatedly testified that the disclosure statement had nothing to do with the settlement recommended by the judge and ultimately adopted by the parties. There was no other evidence on the point. The committee's factual finding that the plaintiff wrongfully benefitted [benefited] from the use of Mandell's name is not supported by clear and convincing evidence in the record.
Section 4.4 of the Rules forbids obtaining evidence by methods that "violate the legal rights" of third persons. As noted, Mandell wrote the plaintiff a few days after their only discussion of the law suit. In his letter, he states that he has "been involved as an expert witness in several dozen bank-related cases including a very similar case which was just resolved." He enclosed his curriculum vita "which contains my qualifications." He states what his fee would be and that he would charge a retainer equal to "one day's fee." And he states that "I look forward to meeting with you if you decide to proceed with me in the case." (Emphasis added.)
In his letter, however, Mandell does not indicate in any way that he believes that he has already provided something of value to the plaintiff; that is, information or opinions, the disclosure or use of which by the plaintiff would violate his legal rights. In short, at the most appropriate time for doing so, Mandell himself did not assert any legal right to the substance of his conversation with the plaintiff or to the use of his name in connection with the law suit. Specifically, he did not forbid the plaintiff from disclosing or using the substance of the conversation nor did he indicate that he expected to be compensated for the information he had provided. In this regard, the court notes the abundant evidence supplied by Mandell himself that he had had a great deal of experience in dealing with attorneys as an CT Page 12165 expert witness in law suits. His failure to claim or even assert some legal right when he wrote to the plaintiff, therefore, is potent evidence that he did not consider any such right to be significant. The committee's finding that the plaintiff's actions violated Mandell's legal rights is not supported by clear and convincing evidence in the record.
Practice Book § 220(D) provides, in relevant part, as follows:
 (A)ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list . . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, . . . such expert shall not testify except in the discretion of the court for good cause shown.
"The rules of discovery are designed to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullestpractical extent." (Citations and internal quotation marks omitted; emphasis added.) Sturdivant v. Yale-NewHaven Hospital, 2 Conn. App. 103, 106 (1984). The court in that case then held that an expert's testimony on a particular subject was correctly excluded because the attorney had not disclosed in advance that the expert was expected to testify about that subject.
As summarized above, the court's rules of practice and our case law impose on attorneys severe sanctions for failing fully to comply with the provisions of § 220(D). The court has reviewed the disclosure statement that the plaintiff provided pursuant to § 220(D) in this case. It is undeniably thorough. But it did not, as suggested by one of the members of the reviewing committee during the hearing, go "beyond disclosure." In being thorough, CT Page 12166 rather, the disclosure statement complied precisely with the spirit and letter of § 220(D). Had it been less thorough, the plaintiff would have risked exclusion or restriction of the desired testimony.
The court concludes that the disclosure statement filed by the plaintiff in this case was not excessive as suggested by the reviewing committee during the course of the hearing. Rather, the provisions of § 220(D) of the practice book require the detailed information included by the plaintiff in this case. Since the plaintiff was obligated by the court's rules of practice to file the statement that he did and since there was insufficient evidence that he violated any significant right of any third party in doing so, the committee's reprimand of the plaintiff constituted an abuse of its discretion.
For all of the foregoing reasons, the plaintiff's appeal is sustained.