[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO PRECLUDE (#125)
 BACKGROUND
This is a slip and fall personal injury case brought by the plaintiff, Diahann Washington ("Washington") against the defendant, National Amusements, Inc. In her amended complaint, Washington alleges that on July 26, 1994 she was caused to fall on a handicapped ramp built into the sidewalk adjacent to the Showcase Cinemas in Milford which were possessed and controlled by the defendant. Washington commenced the present lawsuit in June 1996.
On August 13, 1996, Washington disclosed that she expected to call John Fitzgerald, P.E. as an expert witness regarding the allegedly defective condition of the ramp. Mr. Fitzgerald's report was also disclosed to the defendant at that time. Thereafter, the defendant took Mr. Fitzgerald's deposition on April 27, 2000. Although Washington sought disclosure of defense experts by Interrogatories and Requests for Production dated September 25, 1996, no disclosure was made in the defendant's response filed on June 12, 1997. According to Washington's counsel, no mention of a defense expert on liability was made at the judicial pretrial before Judge Silbert that took place on May 16, 2000. Trial of the case is scheduled for February 12, 2001. On December 5, 2000, the defendant disclosed that it intended to call David C. Pool, P.E. as an expert witness. Washington has now moved to preclude the testimony of Mr. Pool asserting that disclosure is in violation of Practice Book § 13-4. For the reasons set forth below, the motion to preclude is granted. CT Page 1947
 DISCUSSION
Pursuant to Practice Book § 13-4(4), a defendant is required to disclose the names of its experts within a reasonable time from the date the plaintiff discloses experts. Where such disclosure is not made within a reasonable time, and a motion to preclude is filed, the "expert shall not testify if . . . the judicial authority determines that the late disclosure (A) will cause undue prejudice to the [plaintiff]; or (B) will cause undue interference with the orderly progress of the trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party." Practice Book § 13-4(4).
In the present case, the plaintiff disclosed her expert on August 13, 1996 and the defendant did not disclose its expert until December 5, 2000 — over four years later. The court finds that the defendant did not disclose its expert within a reasonable time of the plaintiff's disclosure. Preclusion therefore turns on whether the late disclosure caused undue prejudice to the plaintiff, undue interference with the progress of the trial or involved a bad faith delay.
"A trial court's decision on whether to impose the sanction of excluding the testimony of a party's expert rests within the court's sound discretion." Pool v. Bell, 209 Conn. 536, 541 (1989); Barrows v.J.C. Penney Co., 58 Conn. App. 225, 231 (2000). In exercising such discretion the court must be mindful that our "discovery rules are designed to facilitate trial proceedings and to make a trial less a game of blind-man's buff and more a fair contest with the basic issues of fact disclosed to the fullest practical extent." Perez v. Mount SinaiHospital, 7 Conn. App. 514, 519 (1986), quoting United States v. Procter Gamble, 356 U.S. 677, 682 (1958).
Washington claims that she disclosed her expert within two months of the return date and has now waited over four and one half years for her trial. She claims she should not have to wait longer because of the defendant's late disclosure of its expert. While Washington candidly acknowledges that a continuance is often used to remedy such situations, she asserts that she should not have to endure the uncertainties of rescheduling if she loses the February 12, 2001 trial date. She claims that the late disclosure has caused her undue prejudice.
The defendant claims that preclusion is inappropriate for two reasons. First, the defendant asserts that it was not until after the May 16, 2000 pretrial that the decision was made to engage an expert. After an expert CT Page 1948 was selected, it took him several months to research the zoning and building regulations applicable to this case such that disclosure could not be made until December 5, 2000. Second, the defendant argues that its expert is available for a deposition within thirty days and that it would not oppose continuing the case for that purpose. The defendant claims that these reasons constitute good cause for the delayed disclosure.
At oral argument, additional background was provided to the court that bears on the resolution of this issue of prejudice verses good faith.[1]
First, counsel for the plaintiff stated, without contradiction by the defense, that there had been fifteen prior falls at this same location at least one of them resulting in a lawsuit against the defendant filed in the New Haven judicial district. Second, as noted above, counsel for the plaintiff stated that at the May 16, 2000 pretrial, the defendant made no mention of engaging an expert on the issue of liability. Third, that at the time of the disclosure on December 5, 2000, no report of the expert's opinion was provided to the plaintiff. Defense counsel stated that while Mr. Pool was apparently willing and able to prepare a report, none was prepared — presumably at the direction of the defense.
On the present record, the defendant's reasons for delay are not persuasive. Given the clear notice to the defendant through fifteen prior falls on this very ramp and the defense of a separate personal injury lawsuit, the claim that the defendant first saw the need for an expert after the May 16, 2000 pretrial — almost a full four years after commencement of this case — lacks credibility. Moreover, having engaged an expert who then apparently spent months researching records to form an opinion, the decision to have him not prepare a report but instead to file a general disclosure that barely (if at all) complies with Practice Book § 13-4(4) is not the sort of full and fair disclosure our rules are designed to facilitate.[2] Indeed, it smacks more of the sort of "cat and mouse" game the rules are designed to discourage. Pool v. Bell, supra 209 Conn. 541; Sturdivant v. Yale-NewHaven Hospital, 2 Conn. App. 103, 106 (1984).
In sum, the court finds that the late disclosure of Mr. Pool as a defense expert will cause undue prejudice to the plaintiff. Accordingly, the motion to preclude his testimony is granted.
So Ordered at New Haven, Connecticut this 2nd day of February 2001.
Devlin, J.