[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION IN LIMINE RE PREDECISION OF EXPERT TESTIMONY
The defendants, Richard Restifo, M.D. and Yale-New Haven Hospital have moved in limine pursuant to Practice Book § 15-3 to preclude the plaintiff from eliciting expert testimony from Ramon Mabasa, M.D. at the trial of this matter. The defendants' motions are based on two reasons; 1) that Dr. Mabasa is not qualified to testify about the subject matter on which he was disclosed by the plaintiff and 2) that Dr. Mabasa was not disclosed by the plaintiff to testify as to proximate cause and damages. The court has heard oral argument on these motions, as well as, reviewed the memoranda of law and exhibits filed by the parties.
In Connecticut, "[i]n order to prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury . . . Generally, expert testimony is required to establish both the standard of care to which the defendant is held and the breach of that standard." Stowe v.McHugh, 46 Conn. App. 391, 397 (1997) quoting Williams v. Chameides,26 Conn. App. 818, 822-23 (1992). CT Page 127
The plaintiff's cause of action in this matter alleges a claim of medical malpractice as against the defendants, Dr. Restifo, a board certified plastic surgeon, and Yale-New Haven Hospital, as a result of two reconstructive breast operations she underwent on March 17, 1997, and March 31, 1997. The plaintiff has stipulated for the record at oral argument on these motions that she is abandoning all claims against the defendants to proceed to trial, but for the claim of failure to adequately control post-operative infection to the plaintiff as a result of the operations.
Practice Book § 13-4(4)[1] requires a plaintiff expecting to call an expert witness at trial to disclose the identity of the expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is to testify and a summary of grounds as to each opinion.
The plaintiff filed a disclosure of expert witness on Dr. Mabasa pursuant to Practice Book § 13-4, dated October 14, 1999. Dr. Mahasa is the only expert witness the plaintiff has disclosed in this case. The disclosure stated the following:
 Pursuant to Section 13-4 of the Connecticut Practice Book, the Plaintiff, RITA NESI in the above entitled action hereby discloses that she expects to call the following expert witness:
 Dr. Ramon Mabasa Old Park Lane New Milford, CT 06776
 The matter on which this witness is expected to testify is:
The standard of care for surgeons.
 The substance of the facts and opinions on which this witness is expected to testify is: The defendant violated the standard of care in the performance of the surgeries on the plaintiff on 3/17/97 and 3/31/97 and the postoperative care of the plaintiff.
 The grounds for each such opinion is: The witness's knowledge and experience as a practicing surgeon and the care and treatment by the expert of the plaintiff after the above surgeries.
The disclosure does not state that Dr. Mabasa is expected to testify as to a causal connection between the deviation from the standard of care CT Page 128 and the claimed injury to the plaintiff. A similar set of facts were presented to the trial court in Sturdivant v. Yale-New Haven Hospital,2 Conn. App. 103 (1984) relative to the expert witness disclosure issue. The trial court in Sturdivant, held that the expert would not be able to testify on the issue of causation because causation was not within the scope of the disclosed subject matter of the expert's proposed testimony. The Appellate court in Sturdivant upheld the trial court, concluding that: "[t]he rules of discovery are designed to make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." (Citations omitted; internal quotation marks omitted.) Id., 106.
The plaintiff argues that because Dr. Mabasa is a treating physician it was not necessary to disclose Dr. Mabasa on the issue of proximate cause. Connecticut courts have held, however, that the disclosure requirements of Practice Book § 13-4 "apply with equal force to treating physicians as well as to independent experts." Wright v. Hutt,50 Conn. App. 439, 451 (1998); Sung v. Butterworth, 35 Conn. App. 154,158 (1995).
The court concludes that based on the plaintiff's disclosure of Dr. Mabasa filed in this case, that the defendants' motion in limine to preclude Dr. Mabasa from testifying as to proximate cause and damages is granted.
The additional issue for this court to consider is whether or not Dr. Mabasa may testify as to the standard of care in this case. Dr. Mabasa is a general surgeon who did not become board certified as a general surgeon until 1998. Dr. Restifo is a board certified plastic surgeon who was board certified at the time of the operations to the plaintiff. His specialty is as a plastic surgeon.
We begin with the premise that a physician is required by law to exercise the degree of skill, care and diligence that is customarily demonstrated by physicians in the same line of practice. Edwards v.Tardif, 240 Conn. 610, 614 (1997). The plaintiff argues that Dr. Mabasa may testify on the issue of standard of care although Dr. Mabasa is a general surgeon and not a specialist in plastic surgery.
The standard of care in medical malpractice actions against healthcare providers is governed by General Statutes § 52-184c.[2] The definition of standard of care is as follows: "[t]he prevailing professional standard of care for a given health care provider shall be that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." General Statutes CT Page 129 § 52-184c (a). The statute defines a "similar health care provider" as "one who: (1) [i]s trained and experienced in the same specialty; and (2) is certified by the appropriate American board in the same specialty." General Statutes § 52-184c (c)(1) and (2).
From the documentation provided to the court and specifically the deposition transcript excerpts of Dr. Mabasa, dated April 28, 2001, the court concludes that Dr. Mabasa does not meet the qualifications of a "similar health care provider" as defined in General Statutes § 52-184c
(c).
The court further considers whether or not Dr. Mabasa may testify pursuant to General Statutes § 52-184c (d)(2), which defines when one who is not a similar health care provider may testify as an expert. The court must be satisfied that the expert "possesses sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine." General Statutes § 52-184c (d)(2).
The court in Marshall v. Hartford Hospital, 65 Conn. App. 738 (2001) dealt with this issue. The court found that, "[s]ection 52-184c allows a health care provider trained and experienced in a medical specialtysimilar to that specialty in question to testify as an expert." (Emphasis added) Id., 757. The court further stated that, "[i]t is not the artificial classification of a witness by title that governs the admissibility of the testimony, but the scope of the witness's knowledge of the particular condition." Id., 758.
General Statutes § 52-184c (d)(2) entrusts the court with the "gate-keeper function" as was bestowed upon the trial court judges inState v. Porter, 241 Conn. 57, 73-74 (1997). The court has reviewed the deposition transcript excerpts that were provided. The plaintiff, on page two of the plaintiff's objection to Motions in Limine, dated December 28, 2001, states that, "[t]he parties have agreed that the evidentiary record is sufficient to allow this court to make a definitive ruling as to Mabasa's qualifications."
The court finds that Dr. Mabasa has never performed, as principal physician, a TRAM flap procedure, which was the procedure performed on the plaintiff by Dr. Restifo on March 31, 1997. Dr. Mabasa did testify that he had assisted in two or three procedures in his entire career of over thirty years as a general surgeon. He further testified to having treated two postoperative infections to TRAM flap patients, the plaintiff being one of the total of two. Dr. Mabasa also testified that the standard of care for postoperative wound care is the same for all surgeons regardless CT Page 130 of specialty.
The court concludes that Dr. Mabasa, although a general surgeon for better than thirty years, has limited and unsubstantial experience, training and knowledge relative to the specialty in question, i.e. plastic surgery, and therefore, does not have sufficient training, experience and knowledge in a similar medical specialty to allow him to testify as an expert on the issue of standard of care to this court's satisfaction pursuant to General Statutes § 52-184c (d).
Therefore, the court grants the defendants' motion in limine precluding Dr. Mabasa from testifying on the issue of standard of care concluding that Dr. Mabasa is not qualified to testify as to the prevailing professional standard of care in this cause of action.
Agati, J.