[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #115 FURTHER MOTION TO DISMISS HOLLY BLINKOFF'S CLAIMS FOR FAILURE TO ANSWER INTERROGATORIES
The instant motion concerns a dispute about discovery. The defendant has filed interrogatories and a request for production. The file in this matter indicates that initially the plaintiff did not make any response to the defendant's request. Subsequently, the plaintiff filed a response, but the defendant is of the position that the answers supplied by the plaintiff are "evasive and nonresponsive and merit the sanction of dismissal."
The plaintiff on the other hand asserts that it has filed sworn interrogatory answers on the defendant and supplied the defendant with "voluminous materials".
Section 13-14 of the Connecticut Practice Book concerns an Order for Compliance. Subsection 13-14 (a) provides that:
 If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Section 13-13, or has failed to comply with the provisions of Section 13-15, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such order as the ends of justice require.
The defendant has requested that this Court order sanctions against the plaintiff for a violation of a discovery order. Our state's Supreme Court has established some guidelines to help determine whether such an order would be valid. CT Page 7806
 First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review do novo (sic).
 Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review.
 Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion.
 Milibrook Owners Assn. v. Hamilton Standard, 257 Conn. 1, 17 (2001).
In the instant action the Court issued an order that the:
 Compliance is ordered by 2/7/, 2002. If the moving party has nor received compliance by that date, it may file an additional motion attesting to that fact and referencing this order. Upon such additional motion's appearance on the short calendar, and absent the filing of proof of compliance by the time of such appearance, default/nonsuit will be granted.
This Court has reviewed the file and this matter and was unable to find any proof of compliance filed by the plaintiff. However, the Court notes that on February 27, 2002, the defendant filed the instant motion, which states in pertinent part that:
In support of its motion OG submits herewith copies of . . . plaintiff Blinkoff nonresponsive answers dated February 1, 2002, and Blinkoff's entire production in response to OG's requests . . .
The pleadings indicate that the plaintiff filed answers to the interrogatories and production material within the time period specified in the Court Order. CT Page 7807
The gist of the defendant's complaint is that it believes that the plaintiff is in violation of the spirit of our discovery rules.
 The rules of discovery are designed to make a "`trial less a game of blindman's [buff] and more a fair contest with the basic issues and facts disclosed to the fullest [practicable] extent.'" United States v. Procter Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).
 Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 106 (1984).
The propriety of the plaintiffs answers to the defendant's interrogatories and request for production is obviously in dispute, however, this Court has come to the conclusion that this issue cannot be adjudicated at this time, and in the context of the defendant's motion. For reason that, this Court cannot, at this point make a determination that its Order of January 7, 2002 was violated. However, it strongly reminds the plaintiff that she is under a continuous duty to continue to disclose the subject information. Section 13-15 of the Practice Book concerns the continuing duty to disclose. This section provides that:
 If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested and ordered subject to discovery or inspection or discovers that the prior compliance was totally or partially incorrect or, though correct when made, is no longer true and the circumstances are such that a failure to amend the compliance is in substance a knowing concealment, that party shall promptly notify the other party, or the other party's attorney, and file and serve in accordance with Sections 10-12 through 10-17 a supplemental or corrected compliance.
The issues raised in the request for discovery and the response thereto will be further explored at trial.
 The trial judge, after all the facts are elicited, will take whatever action is required to safeguard the discovery process from any alleged improprieties.
 Feeley v. Sargent, No. CV 99 0169448 (Feb. 19, 2002), 2002 Ct. Sup. 1850
(Lewis, J.). CT Page 7808
The trial judge, or any judge, who deals with this matter upon the ripening of any issue hereto, would of course have the entire panoply of sanctions at his or her disposal in order to see that the interests of justice are protected.
The defendant's motion to dismiss is denied without prejudice to pursue the issues raised herein at trial or some other future point in this case if any issue hereto should ripen before the trial date.
 Richard A. Robinson, J. June 13, 2002